IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JEFFREY DAVID WARNER,              )
                                   )
               Plaintiff,          )
                                   )
     v.                            )       1:23CV595
                                   )
SCOTLAND COUNTY SOCIAL SERVICES,   )
                                   )
               Defendant.          )
```

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . is frivolous . . ." 28 U.S.C. § 1915(e)(2)(B)(i).

## BACKGROUND

Asserting claims under Article 1 Section 8 of the United States Constitution, 38 U.S.C. § 511(a) & (b)(2), and Title II of the Americans with Disabilities Act (Docket Entry 2 at 3-4), Plaintiff initiated this action against Scotland County Social Services ("Defendant") (id. at 2). According to the Complaint:

"[T]he [C]ounty . . . sold [Plaintiff's] house . . . [and c]ompletely ignor[ed] state law" in "an attempt to deprive [Plaintiff] of justice." (Id. at 4.) "[Plaintiff] also invoke[s] [T]itle 2 of the American[s with D]isabilit[ies A]ct . . . [which] also includes a private right [of action]." (Id.) "With [the attached] evidence [Plaintiff] file[s his] lawsuit" and requests relief via "suspen[sion of] [S]cotland [C]ounty court[']s file number 23cvm412" and "a writ of execution" for the sheriff for his "attempt to evade justice." (Id.)

In a prior case, Plaintiff litigated this same basic dispute against Defendant. See Warner v. Scotland Cnty. Soc. Servs., No:

2

1:22cv676, 2023 WL 2992423, at *1-3 (M.D.N.C. Mar. 22, 2023) (recounting Plaintiff's prior complaint against Defendant for violation of 38 U.S.C. § 511(a)), recommendation adopted, 2023 WL 2990360 (M.D.N.C. Apr. 18, 2023). Subsequently, the Court (per Judge Biggs, adopting the undersigned Magistrate Judge's recommendation) "ordered [the] action [] dismissed for failure to state a claim upon which relief may be granted." Warner, 2023 WL 2990360, at *1 (emphasis and all-cap font omitted).

## DISCUSSION

### I. Res Judicata Effect of Original Suit

The doctrine of res judicata bars attempts to relitigate claims adjudicated in a previous suit between the same parties. See Brown v. Felsen, 442 U.S. 127, 131 (1979); Montana v. United States, 440 U.S. 147, 153 (1979). Res judicata also forecloses claims in a second proceeding which a litigant could have raised in the first proceeding. See Keith v. Aldridge, 900 F.2d 736, 740 (4th Cir. 1990) (observing that "the appropriate inquiry is whether the new claim arises out of [the] same transaction or series of transactions as the claim resolved by the prior judgment"); Harnett v. Billman, 800 F.2d 1308, 1314 (4th Cir. 1986) ("Res judicata precludes the litigation by the plaintiff in a subsequent action of claims with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose." (brackets in original; internal quotation marks omitted)).

3

Application of res judicata generally requires satisfaction of three conditions: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. Securities & Exch. Comm'n, 115 F.3d 1173, 1178 (4th Cir. 1997). Absent a grant of leave to cure identified deficiencies, a dismissal under Section 1915(e)(2)(B) "ha[s] a res judicata effect on frivolousness determinations for future in forma pauperis petitions." Denton v. Hernandez, 504 U.S. 25, 34 (1992) (emphasis omitted); see also Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (explaining that "§ 1915 dismissals with prejudice would have a res judicata effect on future in forma pauperis petitions" (emphasis omitted)); Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994) ("hold[ing] that the § 1915([e]) dismissal of [the plaintiff's] first claim has res judicata effect and establishes that [the plaintiff's] second, identical claim is frivolous for § 1915([e]) purposes").[1]

As documented in the Background section, the Court (per Judge Biggs) dismissed Plaintiff's earlier federal claim against Defendant arising from a dispute surrounding Plaintiff's child support obligations. The attached "evidence [Plaintiff relies on to] file [the instant] lawsuit" (Docket Entry 2 at 4) primarily

---

[1] The language now set out in Section 1915(e)(2)(B) previously appeared in Section 1915(d). See Hughes, 350 F.3d at 1161 n.3.

4

consists of documentation from his prior action (see Docket Entry 2-1 at 1-381, 384, 386-543, 615-16).[2] As such, the prior dismissal carries a "res judicata effect on frivolousness determinations for [Plaintiff's current] in forma pauperis [application]," Denton, 504 U.S. at 34 (emphasis omitted), because Plaintiff's instant action relies on the prior action and involves claims he brought or could have brought in that prior action, see, e.g., Keith, 900 F.2d at 740; Harnett, 800 F.2d at 1314.

Moreover, given that Plaintiff relies on the factual matter underlying the dismissed claims in Plaintiff's prior action as the evidence for his claims in the instant action, res judicata principles bar relief and mandate dismissal for frivolousness. See Lindiment v. Jones, No. 1:17cv501, 2017 WL 4119644, at *5-6 (M.D.N.C. Sept. 15, 2017) ("[B]ecause [the p]laintiff's claims in the [o]riginal [s]uit and the instant [c]omplaint arise from the same underlying events . . .[, each claim in the instant complaint] remains subject to res judicata. Under these circumstances, . . . [the instant complaint's claims] are frivolous . . . ." (internal citation omitted)), recommendation adopted, 2017 WL 4417676 (M.D.N.C. Oct. 3, 2017); Pack v. David, Civ. Action No. 07-2004, 2007 WL 4947819, at *1 (D. Md. Aug. 1,

---

[2] The remaining documents in Plaintiff's packet of evidence originate from the underlying state proceedings regarding Plaintiff's child support dispute. (See, e.g., id. at 561 (noting Plaintiff's offense as "child support").)

5

2007) (ruling that, where prior "dismissal provide[d] res judicata effect," new actions qualify for dismissal as "frivolous" (emphasis omitted)); Petros v. City of Wheeling, No. 5:05cv140, 2006 WL 1705911, at *2-3 (N.D. W. Va. June 16, 2006) (dismissing with prejudice under Section 1915(e) and explaining that, because new "action ha[d] arisen out of the same controversy as [the plaintiff's] previous two actions," res judicata barred new action); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (observing that "Section 1915([e]) is aimed at the dismissal of frivolous, malicious, or *repetitive* lawsuits" and concluding that "[t]he district court did not abuse its discretion when it rejected [the plaintiff's] attempt to relitigate [the same] claim" (emphasis in original; internal quotation marks omitted)).

## II. Remaining ADA Claim

Alternatively, beyond "invok[ing] [T]itle 2 of the [ADA]" and asserting "Title 2 also includes a private right [of action]," the Complaint does not offer any factual allegations regarding Defendant's alleged violations of the ADA. (Docket Entry 2 at 4.) Due to the total lack of factual allegations under the ADA, the Complaint obviously fails to establish a plausible ADA claim against Defendant. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, even assuming res judicata does not bar such claim, the Court should dismiss any

6

ADA claims against Defendant as frivolous due to their obvious conclusory character.

## **CONCLUSION**

The Complaint suffers from obvious defects which render it frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as frivolous.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 30, 2024

7

Case 1:23-cv-00595-LCB-LPA   Document 6   Filed 01/30/24   Page 7 of 7